Mark D. Griffith, Waxahachie, for appellant.

Joe F. Grubbs, County and Dist. Atty., Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**Tommy Dale FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–041–CR.**

Court of Appeals of Texas,
Waco.

Dec. 22, 1999.

**O P I N I O N**

BILL VANCE, Justice.

A jury found Tommy Dale Foster guilty of felony driving while intoxicated. *See*

TEX. PEN.CODE ANN. §§ 49.04, 49.09 (Vernon 1994 & Supp.1999). He elected to have the court assess punishment and was sentenced to ten years' imprisonment plus a $10,000 fine. He appeals from alleged error in the punishment phase of trial.[1]

## EFFECTIVE ASSISTANCE OF COUNSEL

■ In issues one through three and six through eight, Foster complains that he was denied the effective assistance of counsel. It is undisputed that these claims were not presented to the trial court in a motion for new trial or otherwise. We have determined that ineffective-assistance-of-counsel claims must be presented to the trial court to be preserved for appellate review. *Gonzalez v. State*, 994 S.W.2d 369, 372–74 (Tex.App.—Waco 1999, no pet.) (citing TEX.R.APP. P. 33.1(a)). Foster relies, however, on Rule 21.2 of the Rules of Appellate Procedure, which states: "A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record." TEX.R.APP. P. 21.2. We believe that our position in *Gonzalez* is consistent with Rule 21.2 in that counsel's explanations of trial strategy or reasons for actions taken or not taken can only be adduced in a post-trial hearing.

After our decision in *Gonzalez*, the Court of Criminal Appeals' decided *Thompson v. State*, where the Court held that "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999) (citing *McFarland v. State*, 928

S.W.2d 482, 500 (Tex.Crim.App.1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997)). The Court found the record silent as to why counsel "failed to object to the State's persistent attempts to elicit inadmissible hearsay" and concluded that Thompson "failed to rebut the presumption this was a reasonable decision." *Id.* at 814. Six judges concluded that a habeas corpus proceeding would "provide an opportunity to conduct a detailed hearing to consider the facts, circumstances, and rationale behind counsel's actions at that juncture of trial. Specifically, a hearing would allow trial counsel himself to explain why no objection was voiced during the proceedings." *Id.* at 814. *Thompson* reinforces our belief that *Gonzalez* is correct. Counsel's strategy or motives can almost never be determined from the record.

Furthermore, the Court of Criminal Appeals held in a recent decision, "Except for complaints involving fundamental constitutional systemic requirements ..., all other complaints ... are waived by failure to comply with Rule 33.1." *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex.Crim.App.1999). The Supreme Court has defined such requirements in part as those which, when denied, "defy analysis by 'harmless error' standards." *Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). A complete denial of counsel falls within this category. *See Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d 799 (1963); *Marin v. State*, 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993). Ineffective assistance claims are different, however.[2]

---

**1.** Because Foster does not appeal the sufficiency of the evidence to support his conviction, we will forego a factual recitation.

**2.** The United States Supreme Court has refused to allow a defendant to collaterally attack two prior convictions, used to enhance a charge under the Armed Career Criminal Act of 1984, on grounds that those convictions

were obtained because his counsel acted ineffectively and because his pleas were involuntary. *Custis v. U.S.*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) ("None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from failure to appoint counsel at all.").

To prevail on an ineffective assistance claim, a defendant must show not only that counsel's performance was deficient, but also that he was "prejudiced" (*i.e.,* harmed) by counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Phillips v. State,* 992 S.W.2d 491, 494–95 (Tex.Crim.App.1999). Because a defendant must establish harm to prevail on an ineffective assistance claim, such a claim by definition does not fit within that category of errors which "defy analysis by 'harmless error' standards." *See Fulminante,* 499 U.S. at 309, 111 S.Ct. at 1264. Thus, we remain convinced that an ineffective assistance complaint must be preserved for appeal in accordance with Rule 33.1. *See Ibarra,* at 196; *Gonzalez,* 994 S.W.2d at 373.

Our purpose is not to avoid review of complaints about the ineffectiveness of trial counsel. Indeed, we have reviewed properly preserved complaints.[3] Rather, we want to encourage the development of a record upon which such complaints can be realistically evaluated—a record available only after a hearing on the specific complaint.[4]

We have recognized that the vehicle of a motion for new trial is "often inadequate because of time constraints and because the trial record has generally not been transcribed at this point." *Gonzalez,* 994 S.W.2d at 373 (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997)). One solution would be to allow the intermediate courts of appeal to make a preliminary determination about whether the claim of ineffective assistance of counsel appears to have merit and, if so, abate the appeal and remand the cause for a hearing on the issue. Such a procedure would have at least four positive benefits: (1) review of the issue would be benefitted by the findings of fact and conclusions of the trial judge who heard and saw counsel in the trial of the case; (2) the interest of the accused would be better protected because of the assistance of appellate counsel in the development of the record, whereas the accused does not always have the benefit of counsel in a post-conviction habeas corpus proceeding; (3) the hearing would be held closer in time to the events of trial than a hearing held in a post-conviction habeas corpus proceeding; and (4) claims of ineffective assistance of counsel would be determined in the direct appeal process rather than, as is often now the case, an abortive attempt to resolve the issue on direct appeal and the later necessity for a habeas corpus proceeding further burdening the Court of Criminal Appeals.[5]

Because we reaffirm our holding in *Gonzalez,* issues one through three and six through eight are overruled.

## MOTIONS TO WITHDRAW

In his fourth issue, Foster asserts that the court erred in "refusing to grant trial counsel's repeated motions to withdraw." Our review of the record shows that the only motion to withdraw presented to the court was granted. Issue four is overruled.

## SUA SPONTE INTERVENTION

■ Foster's fifth issue complains that the court failed "to act or intervene in any way to stop the prejudicial conduct of counsel. . . ." He asserts that counsel's

---

3. *See Mendoza v. State,* 959 S.W.2d 321 (Tex. App.—Waco 1997, pet. ref'd).

4. We still leave open the possibility that the ineffectiveness of counsel is so apparent from the record that we would sustain a properly preserved issue on appeal without evidentiary development at a hearing on a motion for new trial. *See Gonzalez v. State,* 994 S.W.2d 369, 374 n. 3 (Tex.App.—Waco 1999, no pet.).

5. *See Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998) ("when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, we will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal").

behavior was so outrageous as to put the court on notice that he was not receiving effective representation. Specifically, Foster is complaining about information divulged by counsel about why Foster did not appear for an earlier sentencing hearing. Counsel informed the court that he told Foster when the hearing would occur, that he received a phone call from Foster the day before the hearing, and Foster said he was in South Dakota and could not be back in time for the hearing. Counsel further asserted that he would not "vouch for any of this," but wanted to explain to the court why his client had not appeared.

On appeal, Foster asserts that counsel disclosed privileged information to the court and that the court was under a duty to "take corrective action *sua sponte*" and failed to do so. *See Wenzy v. State*, 855 S.W.2d 47, 51 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). In *Wenzy*, trial counsel did not cross-examine any witnesses, did not call any witnesses, and failed to put on any evidence whatsoever. *Id.* at 50. The appellate court noted that "the trial court did not take corrective action *sua sponte* despite what must have been an obvious absence of defense advocacy." *Id.* at 51. The case was reversed for ineffective assistance of counsel, not for the failure of the court to intervene. While it may have eliminated an appeal or one issue in the appeal if the trial court had been proactive, we find no authority to support a need for the trial court to intervene in the circumstances before us. Issue five is overruled.

## CONCLUSION

Having overruled all of Foster's complaints, we affirm the judgment.