James Harmon Jaubert, Jr. aka James Harmon v. The State of Texas

IN THE
TENTH COURT OF APPEALS
 

No. 10-99-090-CR
No. 10-99-091-CR
No. 10-99-092-CR
No. 10-99-093-CR
No. 10-99-094-CR

     JAMES HARMON JAUBERT, JR.,
     AKA JAMES HARMON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 372nd District Court
Tarrant County, Texas
Trial Court No. 0548270D
Trial Court No. 0594393A
Trial Court No. 0594394A
Trial Court No. 0594396A
Trial Court No. 0594398A
                                                                                                                
                                                                                                            
CONCURRING OPINION
                                                                                                                
  
 
 
OVERVIEW
      This case presents yet another problem created by the transfer of cases from one court of
appeals to another under the plan for docket equalization.

 We have now reached the point of
substantively altering the procedural due process which a litigant would otherwise obtain. If
this case had not been transferred, there is no reason to believe that the Fort Worth Court of
Appeals would not have reviewed the merits of the issue presented, ineffective assistance of
counsel. However, this court requires preservation of a claim of ineffective assistance of
counsel. Because the issue was not preserved, we decline to review the merits of this appeal.
BACKGROUND
      It is a fundamental rule of appellate practice, with very few exceptions, that to complain
about something a trial court did, you must have brought it to the attention of the trial court at
a time and in a manner that the trial court understood the complaint and had the opportunity to
correct it. See Lemons v. EMW Manufacturing, 747 S.W.2d 372, 373 (Tex. 1988); Voth v.
Felderhoff, 768 S.W.2d 403, 412 (Tex. App.—Fort Worth 1989, writ denied); Blue v. State,
983 S.W.2d 811, 812 (Tex. App.—Houston [1st] 1998, pet. granted). This rule is currently
embodied in the rules of appellate procedure. Tex. R. App. P. 33.1(a). The exceptions to this
rule in civil cases are few. Voth, 760 S.W.2d at 412 (fundamental error). Jurisdiction is the
issue most often allowed to be raised for the first time on appeal. See id.
      However, in criminal cases there has traditionally been much greater latitude in issues that
could be raised for the first time on appeal. There seems to be little justification for treating
civil cases differently than criminal cases in terms of the need to preserve error at the trial
court before it can be reviewed on appeal. See Johnson v. State, _____ S.W.2d _____, ____,
No. 1915-98, slip op. at 18 (Tex. Crim. App. February 9, 2000, en banc). However, in
criminal cases there are a variety of issues that have traditionally been allowed to be raised for
the first time on appeal. One of these traditional areas has been claims of ineffective assistance
of counsel.
GONZALEZ
      There are fourteen courts of appeals across Texas. Until we issued the Gonzalez decision
not a single court had held that it was necessary to preserve a claim of ineffective assistance of
counsel. Gonzalez v. State, 994 S.W.2d 369 (Tex. App.—Waco 1999, no pet.). We have
continued to follow the analysis of Gonzalez and the Court of Criminal Appeals has granted a
petition for discretionary review in Robinson v. State, No. 10-98-194-CR (Tex. App.—Waco
August 25, 1999, pet. granted) (not designated for publication), a case disposed of entirely
upon the basis of Gonzalez. Robinson v. State, No. 99-1701 (Tex. Crim. App. December 15,
1999) (order granting petition for discretionary review). We have also elaborated on our
analysis and reasoning in subsequent cases. See Foster v. State, _____ S.W.3d _____, 1999
WL 1243847, (Tex. App.—Waco December 22, 1999, no pet.).
WHICH LAW CONTROLS?
      Notwithstanding our belief that Gonzalez and Foster are correct on the issue, they have
not, as of yet, obtained universal acceptance. In particular, we have found no opinion from
Fort Worth which follows Gonzalez or holds that ineffective assistance of counsel claims must
be preserved before they can be presented on appeal. To the contrary, Fort Worth has
continued to review ineffective assistance of counsel claims on the merits without discussing
the preservation issue. Mallet v. State, ____ S.W.3d _____; 2000 WL 4984 (Tex. App.—Fort
Worth, January 6, 2000, no pet.); Wood v. State, 4 S.W.3d 85 (Tex. App.—Fort Worth 1999,
no pet.). The case currently before this Court was decided by a Tarrant County District Court. 
Appeal was taken to the Fort Worth Court of Appeals. By a transfer order from the Supreme
Court for the purposes of docket equalization, it was transferred to this Court. The question
is: Should we apply the law as we believe it should be across the State of Texas or should we
apply the law in the manner we believe Fort Worth would apply it?
      Because I am bound by the principle of stare decisis, I must yield my individual opinion to
the law as previously announced by this court on transfer cases. We will apply the law as we
believe it should be across the state. McLendon v. Department of Public Safety, 985 S.W.2d
571, 576-77 n. 6 (Tex. App.—Waco 1998, pet. filed). In McLendon, under the banner of
being non-parochial, this court held that it would apply the law as it saw it, regardless of what
some other court of appeals (from where the case originated) had announced it to be. What
could be more parochial? Nevertheless, that is the rule under which I must operate at this
time, for this case, and until directed otherwise by the high courts of this State. Accordingly, I
concur in the majority opinion.

                                                                   TOM GRAY
                                                                   Justice

Concurring opinion delivered and filed March 15, 2000
Publish

3e%3c%2fcite%3e&_butType=3&_butStat=2&_butNum=17&_butInline=1&_butinfo=%3ccite%20cc%3d%22USA%22%3e%3c%21%5bCDATA%5b204%20S.W.3d%20404%2c%20414%5d%5d%3e%3c%2fcite%3e&_fmtstr=FULL&docnum=6&_startdoc=1&wchp=dGLbVzb-zSkAA&_md5=85c6ecca354beafb0ce716f0df19264e">Watson, 204 S.W.3d at 414-15; see
also Johnson, 23 S.W.3d at 11.
Because the evidence is factually sufficient to support Steadmans conviction,
we overrule his sole issue on remand and affirm the judgment.

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed December 16, 2009

Do not publish

[CRPM]