James Harmon Jaubert, Jr. aka James Harmon v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-090-CR
No. 10-99-091-CR
No. 10-99-092-CR
No. 10-99-093-CR
No. 10-99-094-CR

Â Â Â Â Â JAMES HARMON JAUBERT, JR.,
Â Â Â Â Â AKA JAMES HARMON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 372nd District Court
Tarrant County, Texas
Trial Court No. 0548270D
Trial Court No. 0594393A
Trial Court No. 0594394A
Trial Court No. 0594396A
Trial Court No. 0594398A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â 
Â 
Â 
OVERVIEW
Â Â Â Â Â Â This case presents yet another problem created by the transfer of cases from one court of
appeals to another under the plan for docket equalization.


 We have now reached the point of
substantively altering the procedural due process which a litigant would otherwise obtain. If
this case had not been transferred, there is no reason to believe that the Fort Worth Court of
Appeals would not have reviewed the merits of the issue presented, ineffective assistance of
counsel. However, this court requires preservation of a claim of ineffective assistance of
counsel. Because the issue was not preserved, we decline to review the merits of this appeal.
BACKGROUND
Â Â Â Â Â Â It is a fundamental rule of appellate practice, with very few exceptions, that to complain
about something a trial court did, you must have brought it to the attention of the trial court at
a time and in a manner that the trial court understood the complaint and had the opportunity to
correct it. See Lemons v. EMW Manufacturing, 747 S.W.2d 372, 373 (Tex. 1988); Voth v.
Felderhoff, 768 S.W.2d 403, 412 (Tex. App.âFort Worth 1989, writ denied); Blue v. State,
983 S.W.2d 811, 812 (Tex. App.âHouston [1st] 1998, pet. granted). This rule is currently
embodied in the rules of appellate procedure. Tex. R. App. P. 33.1(a). The exceptions to this
rule in civil cases are few. Voth, 760 S.W.2d at 412 (fundamental error). Jurisdiction is the
issue most often allowed to be raised for the first time on appeal. See id.
Â Â Â Â Â Â However, in criminal cases there has traditionally been much greater latitude in issues that
could be raised for the first time on appeal. There seems to be little justification for treating
civil cases differently than criminal cases in terms of the need to preserve error at the trial
court before it can be reviewed on appeal. See Johnson v. State, _____ S.W.2d _____, ____,
No. 1915-98, slip op. at 18 (Tex. Crim. App. February 9, 2000, en banc). However, in
criminal cases there are a variety of issues that have traditionally been allowed to be raised for
the first time on appeal. One of these traditional areas has been claims of ineffective assistance
of counsel.
GONZALEZ
Â Â Â Â Â Â There are fourteen courts of appeals across Texas. Until we issued the Gonzalez decision
not a single court had held that it was necessary to preserve a claim of ineffective assistance of
counsel. Gonzalez v. State, 994 S.W.2d 369 (Tex. App.âWaco 1999, no pet.). We have
continued to follow the analysis of Gonzalez and the Court of Criminal Appeals has granted a
petition for discretionary review in Robinson v. State, No. 10-98-194-CR (Tex. App.âWaco
August 25, 1999, pet. granted) (not designated for publication), a case disposed of entirely
upon the basis of Gonzalez. Robinson v. State, No. 99-1701 (Tex. Crim. App. December 15,
1999) (order granting petition for discretionary review). We have also elaborated on our
analysis and reasoning in subsequent cases. See Foster v. State, _____ S.W.3d _____, 1999
WL 1243847, (Tex. App.âWaco December 22, 1999, no pet.).
WHICH LAW CONTROLS?
Â Â Â Â Â Â Notwithstanding our belief that Gonzalez and Foster are correct on the issue, they have
not, as of yet, obtained universal acceptance. In particular, we have found no opinion from
Fort Worth which follows Gonzalez or holds that ineffective assistance of counsel claims must
be preserved before they can be presented on appeal. To the contrary, Fort Worth has
continued to review ineffective assistance of counsel claims on the merits without discussing
the preservation issue. Mallet v. State, ____ S.W.3d _____; 2000 WL 4984 (Tex. App.âFort
Worth, January 6, 2000, no pet.); Wood v. State, 4 S.W.3d 85 (Tex. App.âFort Worth 1999,
no pet.). The case currently before this Court was decided by a Tarrant County District Court. 
Appeal was taken to the Fort Worth Court of Appeals. By a transfer order from the Supreme
Court for the purposes of docket equalization, it was transferred to this Court. The question
is: Should we apply the law as we believe it should be across the State of Texas or should we
apply the law in the manner we believe Fort Worth would apply it?
Â Â Â Â Â Â Because I am bound by the principle of stare decisis, I must yield my individual opinion to
the law as previously announced by this court on transfer cases. We will apply the law as we
believe it should be across the state. McLendon v. Department of Public Safety, 985 S.W.2d
571, 576-77 n. 6 (Tex. App.âWaco 1998, pet. filed). In McLendon, under the banner of
being non-parochial, this court held that it would apply the law as it saw it, regardless of what
some other court of appeals (from where the case originated) had announced it to be. What
could be more parochial? Nevertheless, that is the rule under which I must operate at this
time, for this case, and until directed otherwise by the high courts of this State. Accordingly, I
concur in the majority opinion.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Concurring opinion delivered and filed March 15, 2000
Publish



>Id.  Mayer Brown countered
that the lawyers and paralegal making the TPIA requests Âwere the law firmÂs
agents acting with actual authority when they sent their respective TPIA
requests, making the firm a ÂrequestorÂ with standing under the TPIA to seek
mandamus relief.ÂÂ  Id. at *7.

In affirming the
trial courtÂs denial of the City of HoustonÂs plea, the Estrada court
noted the following with regard to the law firmÂs Âasserted status as a
ÂrequestorÂ as defined by the TPIAÂ:

In Concerned Community Involved
Development, Inc. v. City of Houston, 209 S.W.3d 666, 673 (Tex.
App.ÂHouston [14th Dist.] 2006, pet. denied), we addressed arguments that an
entity seeking mandamus relief under the TPIA (1) failed to allege that it
submitted a written request for information under the TPIA; (2) lacked standing
because it was not a ÂrequestorÂ under the TPIA; and (3) could not obtain a
writ of mandamus.Â  We held that these issues went to the merits of the case
because they involved compliance with the TPIAÂs statutory requirements and
bore on the entityÂs right to relief.Â  See id. at 673-74 (citing Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000)).Â  Therefore, we
held that a motion for summary judgment rather than a plea to the jurisdiction
was the proper vehicle by which the city should have challenged the entityÂs
right to mandamus relief under the TPIA.Â  Id. at 674; see also Kazi,
12 S.W.3d at 76-77 (quoting 21 C.J.S.
Courts Â§ 16, at 23 (1990)) (ÂÂThe right of a plaintiff to maintain suit,
while frequently treated as going to the question of jurisdiction, has been
said to go in reality to the right of the plaintiff to relief rather than to
the jurisdiction of the court to afford it.ÂÂ).

Â 

In the present case, the city filed a
plea to the jurisdiction to challenge Mayer BrownÂs right to seek mandamus
relief under the TPIA, just as it did in Concerned Community.Â  Here, as
in Concerned Community, the city contends that Mayer Brown lacks
standing because it does not qualify as a ÂrequestorÂ under the TPIAÂa
contention that goes to the merits of Mayer BrownÂs right to relief.Â  Because
the cityÂs challenge to Mayer BrownÂs asserted status as a ÂrequestorÂ under
the TPIA goes to the merits of Mayer BrownÂs right to relief, a plea to the
jurisdiction is not the appropriate vehicle for bringing such a challenge.Â  The
cityÂs arguments should have been asserted in a motion for summary judgment.Â  See
Concerned Cmty., 209 S.W.3d at 673-74; see also Kazi, 12 S.W.3d at
76-77.

Â 

Id. at **8-10.Â  

Applying the
holding in Estrada to the facts in this case, the wrong procedural
vehicleÂa plea to the jurisdictionÂwas used to grant relief to the City.Â  See
id. at **8-10.Â  In response to this contention, the City directs us to the
supreme courtÂs decision in State v. Lueck, 290 S.W.3d 876 (Tex. 2009).[6]Â 
However, we do not find that case to be relevant in this matter.Â  Moreover, in
researching this issue, we are unable to find any other case law directly on
point.Â  It is telling that the City devotes approximately half of its appellate
brief to discuss that the trial court would not have erred in granting summary
judgment, though the trial court did not grant summary judgment in this
matter.Â  Therefore, in applying the holding in Estrada, which is still
good law with respect to the TPIA, we conclude that, although the trial court
is correct in finding that Bonner is not entitled to the information sought,
the CityÂs motion for summary judgment is the proper procedural vehicle for
making this determination rather than the CityÂs plea to the jurisdiction.[7]Â 
See Ferrell, 248 S.W.3d at 156; IT-Davy, 74 S.W.3d at 855; see
also Estrada, 2009 Tex. App LEXIS 1970, at **8-10.Â  We sustain BonnerÂs
sole issue.

V.Â Â Â Â Â 
Conclusion

Â 

Having sustained BonnerÂs sole issue on
appeal, we reverse the judgment of the trial court and remand for proceedings
consistent with this opinion.[8]

Â 

Â 

Â 

Â 

Â 

AL SCOGGINS

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Before Chief
Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Â Â Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissents)

Reversed and
remanded

Opinion delivered
and filed August 31, 2011

[CV06]

Â 








Â 









[1] In his pro se appellantÂs brief, Bonner
argues, by one issue, that the trial court abused its discretion in granting
summary judgment in favor of the City; however, a review of the record
indicates that the trial court granted the CityÂs plea to the jurisdiction, not
its motion for summary judgment.Â  Nevertheless, we construe BonnerÂs issue as
challenging the propriety of the trial courtÂs order granting the CityÂs plea
to the jurisdiction.

Â 





[2] Bonner attached to his petition for
writ of mandamus a copy of an affidavit executed by Don Adams, a peace officer
with the Burleson Police Department.Â  In his affidavit, Adams explained that,
pursuant to a search warrant, several of BonnerÂs computers contained child
pornography and were subsequently seized.Â  Adams also noted that he interviewed
Dodd and that she Âstated during the interview that Bonner had been
investigated previously by the Texas Department of Family and Protective
Services for a complaint relating to Âinappropriately touchingÂ a neighbor[Â]s
female daughter who was under the age of 18.Â





[3] The City stated that section
552.223(a), rather than section 552.028(a), of the government code did not
require it to provide Bonner with the requested information.Â  In making this
assertion, the City cited to the exact language of section 552.028(a); thus, we
presume that the listing of section 552.223(a) was a typographical error.Â  See
Tex. GovÂt Code Ann. Â§ 552.028(a)
(West 2004).

Â 





[4] Though this case focuses on the inquiry
made by ÂTexas Brat,Â the record contains three inquiries for the information
made by Bonner himself on February 8, 2010, June 17, 2010, and July 30, 2010.Â  





[5] It does not appear as if the
incarcerated individual in Estrada: (1) challenged the trial courtÂs
granting of the CityÂs plea to the jurisdiction; or (2) personally requested
information from a governmental entity.





[6] In Lueck, the supreme court
considered whether the elements of section 554.002(a) of the government code,
otherwise known as the Texas Whistleblower Act, constituted jurisdictional
facts that implicated the trial courtÂs subject-matter jurisdiction.Â  State
v. Lueck, 290 S.W.3d 876, 881-82 (Tex. 2009).Â  According to the Lueck
court, section 554.002(a) prohibits retaliation for reporting violations of the
law to the appropriate law enforcement authority.Â  Id. at 880.Â  The
supreme court concluded that the elements of section 554.002(a) could be
considered jurisdictional facts when it is necessary to resolve whether a
plaintiff had alleged a violation under the Texas Whistleblower Act.Â  Id.
at 882-84.Â  In arriving at its conclusion, the Lueck court also noted
that section 311.034 of the government code provides that Âstatutory
prerequisites to suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.ÂÂ  Id. at 883
(citing Tex. GovÂt Code Ann. Â§
311.034 (West Supp. 2010)).Â  The City does not adequately explain how the Lueck
decision renders Estrada inapposite with respect to whether this TPIA
complaint should have been challenged by a summary judgment motion or a plea to
the jurisdiction.Â  Furthermore, we are unable to find any authority holding
that oneÂs status as a ÂrequestorÂ is a statutory prerequisite to bring a
mandamus petition pursuant to section 552.321(a) of the government code.

Â 





[7] However, we note that
it appears as if Bonner is not entitled to the information sought based on two
different statutory provisions.Â  See Tex.
GovÂt Code Ann. Â§ 552.028(a) (providing that a governmental unit need not
comply with an information request made by an incarcerated individual or an
agent of the incarcerated individual, other than the incarcerated individualÂs
attorney); see also Tex. Fam.
Code Ann. Â§ 261.201(a) (West Supp. 2010) (stating that an allegation of
suspected abuse or neglect is not subject to public release under chapter 552
of the government code).Â  And while we recognize that a party seeking
affirmative relief must have standing to invoke a trial courtÂs subject-matter
jurisdiction, see DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304
(Tex. 2008), the supreme court has held that standing, as a component of
subject-matter jurisdiction, may be raised by other procedural vehicles, such
as a motion for summary judgment.Â  Lueck, 290 S.W.3d at 884; see
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

Â 





[8] On appeal, the City urges us to Âmodify
the trial courtÂs disposition to grant a final summary judgmentÂ pursuant to
Texas Rules of Appellate Procedure 43.2(c) and 43.3.Â  See Tex. R. App. P. 43.2(c), 43.3.Â 
However, based on our review of the record, it does not appear that the trial
court considered the CityÂs motion for summary judgment.Â  Instead, the trial
court granted the CityÂs plea to the jurisdiction, which demonstrates that the
trial court did not believe that it had jurisdiction over this matter.Â  The
City does not cite to authority indicating that we are duty-bound to grant a
motion that was not considered by the trial court.Â  We, therefore, decline to
render in this case and, instead, choose to remand the case for proceedings
consistent with this opinion.