11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bryant Lamont Shoffner

Appellant

Vs.                   No.
11-01-00070-CR  B Appeal from Taylor County

State of Texas

Appellee

 

Appellant
pleaded guilty to aggravated robbery. 
The trial court assessed his punishment at 15 years confinement.  We affirm.

In his
sole point of error, appellant asserts that his trial counsel was ineffective
because his trial counsel failed to communicate a plea offer from the
prosecutor prior to the entry of his plea in open court.  In order to show that trial counsel was
ineffective, appellant must identify the acts or omissions which were not the
result of reasonable, professional judgment. 
Strickland v. Washington, 466 U.S. 668, 696 (1984).  The appellate court must apply an objective
standard of reasonableness in reviewing an ineffective assistance of counsel
claim.  Strickland v. Washington, supra
at 690; Price v. State, 923 S.W.2d 214, 217 (Tex.App. - Eastland 1996, pet=n ref=d).  An appellant making an
ineffective assistance of counsel claim must show that (1) counsel was
deficient in that his performance fell below an objective standard of
reasonableness and (2) there is a prejudice in that there is a reasonable
probability a different decision would have been reached in the absence of
counsel=s unprofessional errors .  Strickland v. Washington, supra at 690, 696;
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997).








AAny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@ 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App.1999); McFarland v. State,
supra at 500.  When an appellant fails
to meet his burden, when he cannot make the requisite showing of either
deficient performance or prejudice, his ineffectiveness claim is defeated.  Strickland v. Washington, supra at 687;
McFarland v. State, supra at 500.

The
following exchange took place at the hearing on appellant=s plea:

THE COURT: [H]ow do you wish to plead?

 

THE DEFENDANT: Guilty. 

 

                                                           *    *   
*

 

THE COURT: Do you have a plea bargain here
this morning?

 

[DEFENSE COUNSEL]: No, sir.

 

[PROSECUTOR]: No plea bargain.  

 

Despite this exchange,
appellant still claims that he was not informed by his trial counsel of a plea
offer.  Appellant did not file a motion
for new trial or raise this issue before the trial court  A motion for new trial is required to
present a point of error on appeal when the pertinent facts are not contained
in the record.  TEX.R.APP.P. 21.2.  Instead, appellant attached an affidavit
from his trial counsel to his appellate brief.   Trial counsel=s affidavit states that he and the prosecutor met in regard to a plea
offer, that the prosecutor made a plea offer, and that he did not communicate
this offer to appellant prior to him pleading guilty in court.  Trial counsel=s affidavit is not a part of the appellate record and cannot be
considered by the court in this appeal. 
TEX.R.APP.P. 34.1.  Because the
record before this court does not affirmatively demonstrate trial counsel=s ineffectiveness, appellant has not met his
burden of showing deficient performance or prejudice by his trial counsel.

Moreover,
the failure to comply with TEX.R.APP.P. 33.1 waives all complaints on appeal
except for those of a fundamental, constitutional nature.  Ibarra v. State, 11 S.W.3d 189
(Tex.Cr.App.1999).  Ineffective
assistance of counsel complaints, unlike complaints involving the denial of
counsel, are such that can be waived by the failure to comply with Rule
33.1.  Foster v. State, 8 S.W.3d 445,
446-47 (Tex.App. B Waco
1999, no pet=n).  
Because he did not raise the issue of ineffectiveness of counsel by Arequest, objection, or motion@ to the trial court, appellant has waived
this complaint on appeal.  Rule
33.1.  Appellant=s sole point of error is overruled.








The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE                                                                                 

May 23, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.