**John Bustamante MENDEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–99–00346–CR.**

Court of Appeals of Texas, Eastland.

March 29, 2001.

Richard A. Anderson, Burleson, Pate, & Gibson, Attorneys at Law, Dallas, Stan Brown, Attorney at Law, Abilene, for appellant.

James Eidson, Criminal Dist. Atty., Kollin Shadle, Dist. Attys Office, Abilene, for appellee.

Panel consists of WRIGHT, J., and McCALL, J., and AUSTIN McCLOUD, S.J.[1]

Opinion

WRIGHT, Justice.

Appellant pleaded guilty before a jury to murder, and the jury assessed his punishment at confinement for 99 years. We affirm.

Following three to four days of drinking and methamphetamine use, appellant shot the victim while she was at work at a convenience store. Appellant was apprehended at the scene. The victim was pronounced dead at the emergency room.

After it had admonished appellant and accepted his plea, the trial court instructed the jury to find appellant guilty of the offense of murder, a result oriented offense. Appellant testified during the punishment phase of the trial. Several times, appellant testified that he did not intend to shoot the victim and that he only wanted to scare her. He also testified that he did not intend to kill the victim.

■ Appellant alleges in his first point of error that the trial court should have *sua sponte* withdrawn his guilty plea after the testimony raised an issue concerning his innocence. The law has been that a trial court is required to *sua sponte* withdraw a defendant's guilty plea if the evidence reasonably and fairly raises an issue as to the innocence of the accused. See, e.g., *Griffin v. State*, 703 S.W.2d 193 (Tex. Cr.App.1986); *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976). If a trial court fails to act in accordance with that rule, reversible error occurs. See *Montalvo v. State*, 572 S.W.2d 714 (Tex.Cr.App.1978); *Woodberry v. State*, 547 S.W.2d 629 (Tex. Cr.App.1977); *Gates v. State, supra*; *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App. 1976); *Burks v. State*, 145 Tex.Crim. 15, 165 S.W.2d 460 (1942). In each of these cases, the Court of Criminal Appeals held that the trial court should have *sua sponte* withdrawn the defendant's guilty plea and that, in failing to do so, the trial court reversibly erred. We find it to be significant that in none of those cases was there a discussion of harmless error nor was there a finding of waiver in accordance with the law as it then existed.

■ Recently, the Court of Criminal Appeals, in a unanimous opinion, cited TEX.R.APP.P. 33.1 and held:

Except for complaints involving fundamental constitutional systemic require-

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

ments which are not applicable here, all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1.

*Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Cr.App.1999). Structural errors (those which involve fundamental constitutional systemic requirements) are those which defy analysis by harmless error standards. *Manley v. State*, 23 S.W.3d 172, 175 (Tex. App.—Waco 2000, pet'n ref'd), citing *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Salinas v. State*, 980 S.W.2d 219 (Tex.Cr.App. 1998); *Foster v. State*, 8 S.W.3d 445 (Tex. App.—Waco 1999, no pet'n). The Court of Criminal Appeals has held that questions regarding the voluntariness of a plea do not defy harm analysis and, therefore, do not involve fundamental constitutional systemic requirements. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Cr.App.1997). In *Cain,* the court stated:

> Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, *voluntariness of a plea,* or any other mandatory requirement, is categorically immune to a harmless error analysis. (Emphasis added)

 Even if we assume that, under the record in this case, the trial court should have withdrawn appellant's guilty plea on its own motion, the inquiry does not end. Without deciding the effect, if any, that *Ibarra* and *Cain* have on a trial court's duty to *sua sponte* withdraw a guilty plea under these circumstances, we hold that, under the current state of the law, appellant has waived any error by failing to call it to the trial court's attention.

Rule 33.1 provides in relevant part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Appellant did not preserve his complaint in accordance with Rule 33.1 regarding the trial court's failure to *sua sponte* withdraw his guilty plea. As a result of that failure, any error is waived. We note that this very issue has been decided recently by the Waco Court of Appeals in *Williams v. State*, 10 S.W.3d 788 (Tex.App.—Waco 2000, pet'n ref'd). See also *Foster v. State*, supra. The first point of error is overruled.

 In his second point of error, appellant maintains that the trial court erred when it failed to admonish him concerning self-incrimination. Appellant took the stand and testified during the punishment phase of the trial after he had pleaded guilty before the jury. The trial court did not specifically address the privilege against "compulsory" self-incrimination when it admonished appellant out of the

presence of the jury. Even if we assume that this right was involved when appellant voluntarily testified in his own behalf, there is no requirement that a defendant be admonished of his privilege against self-incrimination in a trial before a jury on a plea of guilty. *Williams v. State*, 674 S.W.2d 315, 320 (Tex.Cr.App.1984); *Garcia v. State*, 877 S.W.2d 809, 812 (Tex. App.—Corpus Christi 1994, pet'n ref'd).

Appellant argues that the conviction should be reversed under the authority of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Boykin* requires that courts make certain that an accused has a full understanding of the effects and consequences of the plea. Here, the trial court advised appellant that he did not have to enter a plea of guilty and that he could require that the State prove his guilt upon a plea of not guilty. Furthermore, prior to the time that appellant testified, the trial court, in the presence of appellant, told the jury venire that a defendant had a right to testify, that failure to testify could not be taken as a circumstance against him, and that the decision was one for the defendant to make with the assistance of his attorney. Even if we assume that an admonishment was required in this instance by *Boykin*, the record shows that sufficient information was presented to appellant to make him aware of the privilege against compulsory self-incrimination. The second point of error is overruled.

The judgment of the trial court is affirmed.