PALMER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-040-CR

STEPHEN RAY PALMER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stephen Ray Palmer appeals from his convictions of indecency with a child and aggravated sexual assault of a child.  Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed a pro se brief raising three points.  We grant counsel’s motion to withdraw, overrule appellant’s points, and affirm the trial court’s judgment. 

I. Factual Background

On May 3, 2001, a Denton County grand jury returned a six-count indictment against appellant alleging that he committed four offenses of aggravated sexual assault and two offenses of indecency with a child.  The police arrested appellant on these charges after his daughter (complainant) was interviewed at the Denton County Children’s Advocacy Center.  During her interview, she described the sexual abuse by her father, which began when she was around three-and-a-half-years old and continued for several years.  The abuse consisted of her masturbating him to ejaculation and performing oral sex on him.  He digitally penetrated both her sexual organ and anus and performed oral sex on her.

Appellant pled guilty to all six counts of the indictment on January 7, 2002, and the court held a punishment hearing.  The court then assessed punishment at twenty years for each count of indecency with a child and fifty years for each count of aggravated sexual assault of a child, to run concurrently.

II.  The 
Anders
 Brief

Appellant’s attorney on appeal has filed a motion to withdraw.  In support of the motion to withdraw counsel has filed a brief in which he states, in his professional opinion, this appeal has no merit.  
Counsel has fulfilled the requirements of 
Anders
 by presenting a professional evaluation of the record in explaining why there are no arguable grounds for appeal.  
See Anders
, 386 U.S. at 744, 87 S. Ct. at 1400.  This court provided appellant the opportunity to file a pro se brief.  Appellant filed a brief arguing that (1) the evidence is legally insufficient to support his judicial confession; (2) the evidence is insufficient to support his conviction for aggravated sexual assault; and (3) his guilty pleas were involuntary, and the trial court should have withdrawn them sua sponte.

Once counsel has complied with the 
Anders
 requirements, we must conduct an independent examination of the record to determine whether counsel is correct.  
Id.; see Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.)  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Because appellant pled guilty to the offense, he has waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea.  
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  If the judgment, however, was not rendered independently of error occurring before entry of the plea, appellant may appeal that error.  
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (“Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere ‘waives’ or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.”).  Therefore, our independent review of the record for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of and supports the judgment of guilty, and potential error occurring after the guilty plea. 

III. Independent Review

Our independent review reveals no jurisdictional defects.  The trial court had jurisdiction over this case.  
See
 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2003).  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.  
See
 
Tex. Const
. art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Appellant claims that his guilty plea was involuntary.  The record reveals that the trial court properly admonished appellant in writing before he pled guilty.  
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13(a) (Vernon Supp. 2003).  Appellant also signed a written waiver of his rights, stating his plea was made knowingly, intelligently, and voluntarily.  He now argues in his third point that his plea should have been withdrawn sua sponte because he admitted to the lesser offense of indecency with a child, but not to the aggravated sexual assault charges.  He specifically denies penetration necessary to support his aggravated sexual assault charges.

The State argues that, under Texas Rule of Appellate Procedure 33.1 and an Eastland Court of Appeals decision, appellant has waived his right to complain about the voluntariness of his plea because appellant did not properly preserve error.  
See
 
Tex. R. App. P
. 33.1; 
Mendez v. State
, 42 S.W.3d 347, 348 (Tex. App.—Eastland 2001, pet. granted), No. 01-0817 (Tex. Crim. App. Sept. 12, 2001) (granting petition on the issue of whether rule 33.1, “requiring contemporaneous objection to preserve all non-structural appellate error[,] has overruled thirty years of court opinions requiring the trial court to sua sponte withdraw a guilty plea before a jury when evidence of innocence is adduced before that jury and not withdrawn”); 
Williams v. State
, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd).  Unlike the Eastland and Waco courts, this court has never required an appellant to preserve this complaint for appeal.  
See Montgomery v. State, 
No. 02-01-346-CR, slip op. at 5-6, 2003 WL 151926, at *3 (Tex. App.—Fort Worth Jan. 23, 2003, no pet.);
 Burke v. State
, 80 S.W.3d 82, 96 (Tex. App.—Fort Worth 2002, no pet.) (op. on reh'g).  Thus, we will address appellant’s point.

A trial court is not required to withdraw a guilty plea sua sponte and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to guilt.
  Moon v. State
, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh’g); 
Brown v. State
, 11 S.W.3d 360, 362-63 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d).  It is the trial court's duty to consider the evidence submitted and, as the trier of fact, the court may find appellant guilty of a lesser offense or it may find the defendant not guilty.  
Moon
, 572 S.W.2d at 682.  Therefore, it would serve no valid purpose for the court to withdraw the guilty plea and enter a not guilty plea when the defendant enters a plea of guilty before the court after waiving a jury.  
Id
.  Thus, we overrule appellant’s third point.

The record also reveals that no error occurred before the judgment of guilt was entered.  The judgment was based on appellant’s plea and his signed judicial confession.
(footnote: 2)  As a result, there is no appealable error under the holding of 
Young
.  8 S.W.3d at 666-67. 

Our review of the record from the punishment hearing also yields no reversible error.  The sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann
. §§ 12.32, 12.33 (Vernon 2003).  There is also no evidence in the record indicating that appellant’s counsel did not provide constitutionally required effective assistance of counsel.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Finally, in his second point, appellant contends that the evidence is insufficient to sustain his conviction for four counts of aggravated sexual assault of a child.  He specifically points out that when complainant was asked if appellant would “try to put his fingers inside [her] privates,” she said, “I really don’t remember, but maybe sometimes he would.”  He also argues that complainant told her mother that appellant did not do anything except rub her bottom.

After reviewing the record, we hold the evidence is both legally and factually sufficient to support appellant’s conviction for aggravated sexual assault.  The court heard testimony from Marta Peters, a crimes against children investigator for the City of Carrollton, who witnessed an interview with complainant.  During the interview, complainant described digital penetration of her sexual organ when she was taking a bath.  When complainant testified, she also stated that appellant would “get his finger and he’d stick it in my front part above my legs, and then he’d ask me if I wanted him to do it again.”

Peters further testified that complainant described digital penetration of her rectum.  When complainant testified, she stated that appellant would “kind of stick his finger in my bottom.”  This testimony, along with all the other explicit descriptions of sexual acts that occurred, is sufficient to prove all four counts of aggravated sexual assault of a child.  Thus, applying the appropriate standards of review,
(footnote: 3) we hold that the evidence is both legally and factually sufficient to support the trial court’s conviction.
(footnote: 4)  We overrule appellant’s second point.

IV. Conclusion

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw, overrule appellant’s points, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAY, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 24, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
In his first point, appellant challenges the legal sufficiency of his judicial confession.  A judicial confession alone will sustain a conviction on a guilty plea.  
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g).  Appellant signed a judicial confession in which he admitted that he was guilty of aggravated sexual assault of a child and indecency with a child “exactly as alleged in the charging instrument.”  Appellant further testified that he was pleading guilty because he was in fact guilty.  This is sufficient evidence to support appellant's guilty plea.  
See Ybarra v. State
, 960 S.W.2d 742, 744 (Tex. App.—Dallas 1997, no pet.); 
Ross v. State
, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.).  Appellant’s first point is overruled.

3:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State
, No. 1328-01, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. March 12, 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.