COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-040-CR
 
STEPHEN RAY PALMER           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS   
                                                                
STATE
------------
FROM THE 158
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Stephen Ray Palmer
appeals from his convictions of indecency with a child and aggravated sexual
assault of a child. Counsel on appeal has filed an Anders brief
asserting that there are no grounds that could be argued successfully on appeal.
See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
Appellant has filed a pro se brief raising three points. We grant counsel's
motion to withdraw, overrule appellant's points, and affirm the trial court's
judgment.
I. Factual
Background
On May 3, 2001, a Denton County
grand jury returned a six-count indictment against appellant alleging that he
committed four offenses of aggravated sexual assault and two offenses of
indecency with a child. The police arrested appellant on these charges after his
daughter (complainant) was interviewed at the Denton County Children's Advocacy
Center. During her interview, she described the sexual abuse by her father,
which began when she was around three-and-a-half-years old and continued for
several years. The abuse consisted of her masturbating him to ejaculation and
performing oral sex on him. He digitally penetrated both her sexual organ and
anus and performed oral sex on her.
Appellant pled guilty to all six
counts of the indictment on January 7, 2002, and the court held a punishment
hearing. The court then assessed punishment at twenty years for each count of
indecency with a child and fifty years for each count of aggravated sexual
assault of a child, to run concurrently.
II. The Anders
Brief
Appellant's attorney on appeal has
filed a motion to withdraw. In support of the motion to withdraw counsel has
filed a brief in which he states, in his professional opinion, this appeal has
no merit. Counsel has fulfilled the requirements of Anders by
presenting a professional evaluation of the record in explaining why there are
no arguable grounds for appeal. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. This court provided appellant the opportunity to file a pro se brief.
Appellant filed a brief arguing that (1) the evidence is legally insufficient to
support his judicial confession; (2) the evidence is insufficient to support his
conviction for aggravated sexual assault; and (3) his guilty pleas were
involuntary, and the trial court should have withdrawn them sua sponte.
Once counsel has complied with the Anders
requirements, we must conduct an independent examination of the record to
determine whether counsel is correct. Id.; see Mays v. State, 904
S.W.2d 920, 923 (Tex. App.--Fort Worth 1995, no pet.) Only then may we grant
counsel's motion to withdraw. See Penson v. Ohio, 488 U.S. 75, 83-84,
109 S. Ct. 346, 351 (1988).
Because appellant pled guilty to
the offense, he has waived the right to appeal any nonjurisdictional defects,
other than the voluntariness of his plea, that occurred before entry of the
plea. Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). If the
judgment, however, was not rendered independently of error occurring before
entry of the plea, appellant may appeal that error. Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000) ("Whether entered with or without
an agreed recommendation of punishment by the State, a valid plea of guilty or
nolo contendere 'waives' or forfeits the right to appeal a claim of error only
when the judgment of guilt was rendered independent of, and is not supported by,
the error."). Therefore, our independent review of the record for potential
error is limited to potential jurisdictional defects, the voluntariness of
appellant's plea, error that is not independent of and supports the judgment of
guilty, and potential error occurring after the guilty plea.
III. Independent
Review
Our independent review reveals no
jurisdictional defects. The trial court had jurisdiction over this case. See
Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2003). Further, the
indictment sufficiently conferred jurisdiction on the trial court and provided
appellant with sufficient notice. See Tex. Const. art. V, § 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Appellant claims that his guilty
plea was involuntary. The record reveals that the trial court properly
admonished appellant in writing before he pled guilty. See Tex. Code
Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2003). Appellant also signed a
written waiver of his rights, stating his plea was made knowingly,
intelligently, and voluntarily. He now argues in his third point that his plea
should have been withdrawn sua sponte because he admitted to the lesser offense
of indecency with a child, but not to the aggravated sexual assault charges. He
specifically denies penetration necessary to support his aggravated sexual
assault charges.
The State argues that, under Texas
Rule of Appellate Procedure 33.1 and an Eastland Court of Appeals decision,
appellant has waived his right to complain about the voluntariness of his plea
because appellant did not properly preserve error. See Tex. R. App. P.
33.1; Mendez v. State, 42 S.W.3d 347, 348 (Tex. App.--Eastland 2001,
pet. granted), No. 01-0817 (Tex. Crim. App. Sept. 12, 2001) (granting petition
on the issue of whether rule 33.1, "requiring contemporaneous objection to
preserve all non-structural appellate error[,] has overruled thirty years of
court opinions requiring the trial court to sua sponte withdraw a guilty plea
before a jury when evidence of innocence is adduced before that jury and not
withdrawn"); Williams v. State, 10 S.W.3d 788, 789 (Tex.
App.--Waco 2000, pet. ref'd). Unlike the Eastland and Waco courts, this court
has never required an appellant to preserve this complaint for appeal. See
Montgomery v. State, No. 02-01-346-CR, slip op. at 5-6, 2003 WL 151926, at
*3 (Tex. App.--Fort Worth Jan. 23, 2003, no pet.); Burke v. State, 80
S.W.3d 82, 96 (Tex. App.--Fort Worth 2002, no pet.) (op. on reh'g). Thus, we
will address appellant's point.
A trial court is not required to
withdraw a guilty plea sua sponte and enter a plea of not guilty for a defendant
when the defendant enters a plea of guilty before the court after waiving a
jury, even if evidence is adduced that either makes the defendant's innocence
evident or reasonably and fairly raises an issue as to guilt. Moon v. State,
572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh'g); Brown v. State,
11 S.W.3d 360, 362-63 (Tex. App.--Houston [1st Dist.] 2000, pet.
ref'd). It is the trial court's duty to consider the evidence submitted and, as
the trier of fact, the court may find appellant guilty of a lesser offense or it
may find the defendant not guilty. Moon, 572 S.W.2d at 682. Therefore,
it would serve no valid purpose for the court to withdraw the guilty plea and
enter a not guilty plea when the defendant enters a plea of guilty before the
court after waiving a jury. Id. Thus, we overrule appellant's third
point.
The record also reveals that no
error occurred before the judgment of guilt was entered. The judgment was based
on appellant's plea and his signed judicial confession.(2)
As a result, there is no appealable error under the holding of Young. 8
S.W.3d at 666-67.
Our review of the record from the
punishment hearing also yields no reversible error. The sentence assessed by the
trial court is within the statutorily permissible range. See Tex. Penal
Code Ann. §§ 12.32, 12.33 (Vernon 2003). There is also no evidence in the
record indicating that appellant's counsel did not provide constitutionally
required effective assistance of counsel. See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
Finally, in his second point,
appellant contends that the evidence is insufficient to sustain his conviction
for four counts of aggravated sexual assault of a child. He specifically points
out that when complainant was asked if appellant would "try to put his
fingers inside [her] privates," she said, "I really don't remember,
but maybe sometimes he would." He also argues that complainant told her
mother that appellant did not do anything except rub her bottom.
After reviewing the record, we hold
the evidence is both legally and factually sufficient to support appellant's
conviction for aggravated sexual assault. The court heard testimony from Marta
Peters, a crimes against children investigator for the City of Carrollton, who
witnessed an interview with complainant. During the interview, complainant
described digital penetration of her sexual organ when she was taking a bath.
When complainant testified, she also stated that appellant would "get his
finger and he'd stick it in my front part above my legs, and then he'd ask me if
I wanted him to do it again."
Peters further testified that
complainant described digital penetration of her rectum. When complainant
testified, she stated that appellant would "kind of stick his finger in my
bottom." This testimony, along with all the other explicit descriptions of
sexual acts that occurred, is sufficient to prove all four counts of aggravated
sexual assault of a child. Thus, applying the appropriate standards of review,(3)
we hold that the evidence is both legally and factually sufficient to support
the trial court's conviction.(4) We overrule
appellant's second point.
IV. Conclusion
After independently reviewing the
record, we agree with appellate counsel's determination that any appeal from
this case would be frivolous. Accordingly, we grant appellate counsel's motion
to withdraw, overrule appellant's points, and affirm the trial court's judgment.
                                                                               
PER CURIAM
 
PANEL F: LIVINGSTON, DAY, and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 24, 2003

1. See Tex. R. App. P. 47.4.
2. In his first point, appellant challenges the legal
sufficiency of his judicial confession. A judicial confession alone will sustain
a conviction on a guilty plea. Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979) (op. on reh'g). Appellant signed a judicial confession in
which he admitted that he was guilty of aggravated sexual assault of a child and
indecency with a child "exactly as alleged in the charging
instrument." Appellant further testified that he was pleading guilty
because he was in fact guilty. This is sufficient evidence to support
appellant's guilty plea. See Ybarra v. State, 960 S.W.2d 742, 744 (Tex.
App.--Dallas 1997, no pet.); Ross v. State, 931 S.W.2d 633, 635 (Tex.
App.--Dallas 1996, no pet.). Appellant's first point is overruled.
3. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993); Sims
v. State, No. 1328-01, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim.
App. March 12, 2003) (holding that a proper factual sufficiency review must
include a discussion of the most important and relevant evidence that supports
the appellant's complaint on appeal); Santellan v. State, 939 S.W.2d
155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of
review); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)
(same).
4. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.