Patrick Keith WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–139–CR.

Court of Appeals of Texas, Waco.

Jan. 26, 2000.

Kathryn J. Gilliam, Beard & Kultgen, Waco, for appellant.

John W. Segrest, Criminal Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

■ Appellant Patrick Keith Williams pleaded guilty before a jury to aggravated assault, and the jury assessed punishment at twelve years' confinement in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PEN.CODE ANN. § 22.02(a)(2) (Vernon 1994). Williams's sole issue on appeal claims that the trial court erred when it failed to *sua sponte* withdraw his guilty plea after the testimony allegedly raised an issue concerning his innocence.

■ If a defendant enters a plea of guilty before a jury and evidence is introduced which "reasonably and fairly raises [an] issue" concerning his innocence, the trial court has a duty to *sua sponte* withdraw the defendant's guilty plea and enter a not guilty plea. *Holland v. State,* 761 S.W.2d 307, 322 (Tex.Crim.App.1988); *Griffin v. State,* 703 S.W.2d 193, 195 (Tex. Crim.App.1986) (op. on reh'g); *Hoffman v. State,* 922 S.W.2d 663, 673 (Tex.App.—Waco 1996, pet. ref'd).

This rule is a vital safeguard which operates to protect the accused from any outside pressure which could result in an innocent party being convicted, upon his own plea of guilty, of a crime he did not commit .... [and] to assure the voluntary nature of the plea.

*Griffin,* 703 S.W.2d at 195.

The Court of Criminal Appeals has recently held that, "[e]xcept for complaints involving fundamental constitutional systemic requirements ..., all other complaints ... are waived by failure to comply with Rule 33.1." *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex.Crim.App. 1999). The United States Supreme Court has

classified these "fundamental" requirements "as those which, when denied, 'defy analysis by "harmless error" standards.'" *Foster v. State,* 8 S.W.3d 445, 446 (Tex. App.—Waco 1999, no pet. h.) (quoting *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991)).

■ A question concerning the voluntariness of a guilty plea does not fall within the definition of such "fundamental" requirements. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997). In *Cain,* the Court wrote:

Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, *voluntariness of a plea,* or any other mandatory requirement, is categorically immune to a harmless error analysis.

*Id.* (emphasis added). Because a challenge to the voluntariness of a guilty plea does not implicate one of the "fundamental" requirements identified by the Supreme Court, an appellant must properly preserve such a complaint for appellate review. *See Foster,* at 447; *see also Ibarra,* slip op. at 197.

Williams's sole complaint on appeal relates to the voluntariness of his guilty plea. *Griffin,* 703 S.W.2d at 195. Thus, it must be properly preserved for appellate review in accordance with Rule 33.1. *See Foster,* at 447; *see also Ibarra,* slip op. at 197. Williams failed to preserve this issue by objection, request, or in a timely presented motion for new trial. *See* TEX.R.APP. P. 33.1(a)(1)(A). Accordingly, we overrule his sole issue.

We affirm the judgment.