6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00120-CV
______________________________



IN RE:
RALPH HUGH HOWES




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            Ralph Hugh Howes has filed a petition for writ of mandamus that directs the 188th Judicial
District Court to rule on Howes' motion for a free copy of his trial record in cause number 29,458-A. 
Based on the record and pleadings before us, and without hearing oral argument, we dismiss the
petition for writ of mandamus.
            On or about September 15, 2004, Howes filed a motion with the trial court seeking a free
copy of the reporter's and clerk's records in the case in which Howes was convicted of felony driving
while intoxicated. By October 25, 2004, the trial court had not ruled on Howes' motion. Howes then
filed a petition for writ of mandamus with this Court asking us to order the trial court to rule on his
motion.
            Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). 
Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or,
in the absence of another statutory remedy, when the trial court fails to observe a mandatory
provision conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567
(Tex. 1985) (orig. proceeding). 
            A trial court is required to consider and rule on a motion within a reasonable time. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Kissam v.
Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). When a
motion is properly filed and pending before a trial court, considering and ruling on that motion is a
ministerial act, and mandamus may issue to compel the trial court to act. Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Eli Lilly
& Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require
trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial
court to make a decision, we may not tell the court what that decision should be. Crofts v. Court of
Civil Appeals, 362 S.W.2d 101 (Tex. 1962); O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex.
App.—Tyler 1993, orig. proceeding).
            In the case now before us, Howes asks us to order the trial court to rule on his motion for a
free record. The trial court has informed this Court that Howes' motion has now been ruled on. 
Based on this information, we conclude Howes' mandamus objective has been achieved. We dismiss
his petition as moot.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          November 4, 2004
Date Decided:             November 5, 2004



.W.2d at 401. The contention of error
is overruled.
          Barker next contends the trial court erred in denying his September 27, 1994,
motion for new trial because his pleas of guilty were not knowingly or intelligently entered. 
          The granting or denying of a motion for new trial lies within the discretion of the trial
court. We do not substitute our judgment for that of the trial court, but rather decide
whether the trial court's decision was arbitrary or unreasonable. Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim.
App. 1993). 
          In reviewing a guilty plea, we recognize that a guilty plea must be freely, knowingly,
and voluntarily made. Brady v. United States, 397 U.S. 742, 748 (1970); Mitschke v. State,
129 S.W.3d 130, 132 (Tex. Crim. App. 2004). 
          In this case, Barker contends his plea was involuntary because he was in an
alcohol-induced blackout at the time of the act and therefore had no knowledge of whether
he had actually committed the crime at all. He so informed the judge in open court. Barker
also stated that, after talking to his counsel and reviewing the evidence, he believed
himself to be guilty and was thus pleading guilty to the charge. 
          As pointed out by appellate counsel, if evidence reasonably and fairly raises an
issue about the innocence of a defendant who has pled guilty, it is the duty of the trial court
to withdraw the plea and enter a not guilty plea if the defendant fails to do so himself or
herself. Holland v. State, 761 S.W.2d 307, 322 (Tex. Crim. App. 1988); Griffin v. State,
703 S.W.2d 193, 195 (Tex. Crim. App. 1986); Williams v. State, 10 S.W.3d 788, 789 (Tex.
App.—Waco 2000, pet. ref'd). The Texas Court of Criminal Appeals has, however,
recently reiterated that due process of law is not denied by a conviction based on a plea
of guilty that is accompanied by "a strong factual basis for the plea demonstrated by the
State and [a defendant]'s clearly expressed desire to enter it despite his professed belief
in his innocence." Mendez v. State, 138 S.W.3d 334, 344 (Tex. Crim. App. 2004). 
          In this case, the State provided proof Barker had committed the offense, and there
is no reference to any evidence that would have shown the trial court that Barker was
innocent of the charges. Even if Barker did not remember committing the offense, the
combination of the State's proof and Barker's insistence that he be allowed to plead guilty
is sufficient to provide the trial court with a legitimate reason to overrule Barker's motion
for new trial. The court thus did not abuse its discretion by overruling the motion. The
point of error is overruled.
          Barker next contends the trial court erred in accepting his plea of guilty despite
being aware of mental illness—and without sua sponte ordering a mental competency
hearing. The controlling statutory law has been rewritten recently, and the new
subdivisions are effective for defendants against whom incompetency proceedings are
initiated on or after January 1, 2004. Obviously, the former law applies to this 1994
conviction.
          A person is presumed to be competent to stand trial unless proven incompetent. 
Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon Supp. 2004–2005) (formerly Article
46.02, § 1A(b)). A person is incompetent to stand trial if that person lacks "sufficient
present ability to consult with the person's lawyer with a reasonable degree of rational
understanding; or . . . a rational as well as factual understanding of the proceedings against
the person." Tex. Code Crim. Proc. Ann. art. 46B.003B(a)(1),(2) (Vernon Supp.
2004–2005). 
          Former Article 46.02, § 2(b) provided:
If during the trial evidence of the defendant's incompetency is brought to the
attention of the court from any source, the court must conduct a hearing out
of the presence of the jury to determine whether or not there is evidence to
support a finding of incompetency to stand trial.

Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon 1979), repealed by Act of Apr. 30,
2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72.
          Under this provision, when evidence of incompetency of the defendant is offered
during the trial that raises a bona fide doubt in the trial court's mind concerning
competency, the trial court must conduct an inquiry referred to as a "Section 2(b) inquiry"
to determine whether there is evidence to support a finding of incompetency to stand trial. 
Generally, a "bona fide" doubt is raised only when the evidence indicates recent severe
mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. 
Alcott v. State, 51 S.W.3d 596, 599 (Tex. Crim. App. 2001); Collier v. State, 959 S.W.2d
621, 625 (Tex. Crim. App. 1997). 
          The Texas Court of Criminal Appeals delineated the steps in this situation as
follows:
1)if a competency issue is raised by the defendant, any party, or the
court; and 
 
2)evidence of incompetency is brought to the attention of the trial court
by the defendant, any party, or the court;
 
3)of the type to raise a bona fide doubt in the judge's mind regarding the
defendant's competency to stand trial; then
 
4)the judge must conduct a Section 2 "competency inquiry" to
determine if there is some evidence sufficient to support a finding of
incompetence, and if there is,
 
5)the judge must impanel a jury for a Section 4 "competency hearing."

McDaniel v. State, 98 S.W.3d 704, 710–11 (Tex. Crim. App. 2003). The requirements of
each step must be fulfilled before moving on to the next. Id. 
          In this case, Barker contends his lack of competence was shown by information
provided in forms presented to the court and by his discussions with the court. The
information to which he directs us reflects his history of alcoholic blackouts and his
treatment by a psychiatrist (which he testified had ended before the date of the offense or
his being placed in jail). He also testified, in response to specific questioning, that he
believed himself to be "dry, clean, sober and thinking clear," and his attorney stated he had
been able to communicate with his client. 
          A trial court's decision whether to conduct a competency hearing is reviewed for
abuse of discretion. Reed v. State, 112 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.]
2003, pet. ref'd); Grider v. State, 69 S.W.3d 681 (Tex. App.—Texarkana 2002, no pet.). 
Although the record contains some indication of a problem at a time in the past, we cannot
say that evidence was "of the type to raise a bona fide doubt in the judge's mind regarding
the defendant's competency to stand trial" at the time Barker entered his plea or while he
was in the process of communicating with his attorney about his defense. Accordingly, the
trial court did not err by failing to conduct a competency hearing on its own motion. The
point of error is overruled.
          We affirm the judgment.
 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      September 14, 2004
Date Decided:         October 15, 2004

Do Not Publish