

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-134-CR

ALEXANDER CARLOS LOREDO A/K/A
ALEXANDER CARLOS LOREDA                                    APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Alexander Carlos Loredo, aka Alexander Carlos Loreda, appeals his conviction for aggravated assault.  We affirm.

Appellant took a knife to a party at Stephen Whitmore's home where he was neither invited nor welcome.  Stephen and others asked appellant to leave multiple times but appellant refused.  Finally, after Stephen had asked him to

---

[1] See Tex. R. App. P. 47.4.

leave at least fifteen times, appellant started walking out "slowly." Stephen gave him a shove out the door. Appellant had the knife out and slashed Stephen, severing an artery in his arm and opening a ten-centimeter gash in his side.

Appellant was indicted for aggravated assault with a deadly weapon.[2] On January 11, 2008, he waived a jury trial, went over written plea admonishments with the trial court, and executed plea documents that included the following:

### JUDICIAL CONFESSION

Upon my oath I swear my true name is <u>Alexander Carlos Loreda</u> and I am <u>21</u> years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. . . . . I swear to the truth of all of the foregoing.

Appellant entered an open plea of guilty. The trial court ordered a presentence-investigation report ("PSI"), which appellant later reviewed with his trial counsel. On April 18, 2008, the trial court heard evidence on the issue of punishment and sentenced appellant to six years in prison.

---

[2] Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009).

In his first point, appellant contends that the trial court erred by accepting his guilty plea because his testimony during the punishment phase raised the issue of self defense. Appellant did not assert self defense before the trial court, and in fact, testified that he and his attorney decided that his actions did not rise to the level of self defense. On appeal, however, he seizes upon his own testimony at the punishment phase where he described cutting Stephen with a knife because he felt fearful after being forcefully escorted from Stephen's home and finding himself confronted by five or six large boys with their fists clenched.

The code of criminal procedure requires "sufficient evidence" substantiating the guilt of a defendant who waives a jury trial in a felony case:

> it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.[3]

Evidence is sufficient to support a judgment under article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's

---

[3] Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); *see Bowie v. State*, 135 S.W.3d 55, 64 (Tex. Crim. App. 2004) (there must be factual basis for guilty plea at time judgment is rendered).

guilt.[4]  When a defendant specifically states in a judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession, standing alone, is sufficient to support a guilty plea under article 1.15.[5]

In this case, the trial court took judicial notice of appellant's judicial confession, which includes the language quoted above.  Further, although the judicial confession is sufficient, standing alone, the record contains additional evidence supporting appellant's guilty plea.  Stephen testified that appellant came uninvited to a party at his house, refused to leave despite being asked multiple times, and then stabbed Stephen with a knife.  Also, appellant testified that he intentionally "kind of sprung" on Stephen and intentionally swung the knife at him knowing that it could cause him serious bodily injury or death.

Appellant testified that he was in fear when he slashed Stephen with the knife but agreed after discussing the law of self defense with his attorney that his actions did not rise to the level of self defense.  He testified that he had

---

[4] *See Breaux v. State*, 16 S.W.3d 854, 857 & n.2 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (providing that a judicial confession containing a "catch-all" phrase that the defendant is guilty "as charged in the indictment" is sufficient to support a conviction even if an element of the offense was omitted).

[5] *See Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979).

4

been an uninvited guest in Stephen's house and that Stephen somewhat forcefully escorted him out followed by five or six large friends. He felt "some threat" because he saw their "fists were clenching." He further testified that he already had the knife out and that, without warning Stephen to stay back, he "kind of sprung him."

To the extent that appellant's testimony raises self defense, we hold that the trial court, acting as factfinder, reasonably resolved the issue against appellant. Moreover, appellant's confession, because it embraces every element of the offense charged, sufficiently supports appellant's guilty plea and negates any evidence allegedly raising the issue of self defense. Accordingly, we overrule appellant's first point.

In his second and third points, appellant argues that the trial court erred by accepting his plea because it was entered involuntarily.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[6] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining

---

[6] Tex. R. App. P. 33.1(a)(1); *see Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

party must have objected to the trial court's refusal to rule.[7] Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).[8] "Systemic" requirements include, for example, jurisdictional issues or a penal statute's compliance with the separation of powers provision in the Texas constitution.[9]

The voluntariness of a plea is not a systemic requirement; thus, complaints related to voluntariness must be raised in the trial court to be preserved for our review.[10] Although the clerk's record contains a motion for new trial that asserts appellant's plea was involuntary, there is nothing in the record to show that appellant presented his motion to the trial court.

---

[7] Tex. R. App. P. 33.1(a)(2); *see Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[8] *Mendez*, 138 S.W.3d at 342.

[9] *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

[10] *See Mendez*, 138 S.W.3d at 338, 350; *Starks v. State*, 266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.); *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd); *see also Stermer v. State*, No. 02-07-00425-CR, 2009 WL 1035237, at *4 (Tex. App.—Fort Worth Apr. 16, 2009, no pet.) (mem. op., not designated for publication) (holding that the appellant forfeited his voluntariness complaint by not raising it in the trial court); *Nolly v. State*, Nos. 02-04-00251-CR, 02-04-00257-CR, 2005 WL 555215, at *3 (Tex. App.—Fort Worth Mar. 10, 2005, no pet.) (mem. op., not designated for publication) (same).

Therefore, appellant's complaints based upon involuntariness of his guilty plea are not preserved for our review.[11] Accordingly, we overrule appellant's second and third points.

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 19, 2009

---

[11] Tex. R. App. P. 21.6, 33.1(a); *see Mendez*, 138 S.W.3d at 350; *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009).