COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-134-CR

 

 

ALEXANDER CARLOS LOREDO A/K/A 

ALEXANDER
CARLOS LOREDA                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Alexander Carlos Loredo, aka Alexander Carlos Loreda, appeals his conviction
for aggravated assault.  We affirm.








Appellant
took a knife to a party at Stephen Whitmore=s home
where he was neither invited nor welcome. 
Stephen and others asked appellant to leave multiple times but appellant
refused.  Finally, after Stephen had
asked him to leave at least fifteen times, appellant started walking out Aslowly.@  Stephen gave him a shove out the door.  Appellant had the knife out and slashed
Stephen, severing an artery in his arm and opening a ten-centimeter gash in his
side. 

Appellant
was indicted for aggravated assault with a deadly weapon.[2]  On January 11, 2008, he waived a jury trial,
went over written plea admonishments with the trial court, and executed plea
documents that included the following:

JUDICIAL CONFESSION

Upon my oath I swear my true name is Alexander
Carlos Loreda and I am 21 years of age; I have read the indictment
or information filed in this case and I committed each and every act alleged therein,
except those acts waived by the State. 
All facts alleged in the indictment or information are true and correct.
I am guilty of the instant offense as well as all lesser included offenses. . .
. . I swear to the truth of all of the foregoing.

 

Appellant
entered an open plea of guilty.  The
trial court ordered a presentence-investigation report (APSI@), which
appellant later reviewed with his trial counsel.  On April 18, 2008, the trial court heard
evidence on the issue of punishment and sentenced appellant to six years in
prison.








In his
first point, appellant contends that the trial court erred by accepting his
guilty plea because his testimony during the punishment phase raised the issue
of self defense.  Appellant did not
assert self defense before the trial court, and in fact, testified that he and
his attorney decided that his actions did not rise to the level of self defense.  On appeal, however, he seizes upon his own
testimony at the punishment phase where he described cutting Stephen with a
knife because he felt fearful after being forcefully escorted from Stephen=s home
and finding himself confronted by five or six large boys with their fists
clenched. 

The code
of criminal procedure requires Asufficient
evidence@
substantiating the guilt of a defendant who waives a jury trial in a felony
case:

it shall be necessary for the
state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment
and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.[3]








Evidence is sufficient to
support a judgment under article 1.15 if it embraces every essential element of
the offense charged and establishes the defendant=s guilt.[4]  When a defendant specifically states in a
judicial confession, AI have read the indictment or
information filed in this case and I committed each and every act alleged
therein,@ the
judicial confession, standing alone, is sufficient to support a guilty plea
under article 1.15.[5]

In this
case, the trial court took judicial notice of appellant=s
judicial confession, which includes the language quoted above.  Further, although the judicial confession is
sufficient, standing alone, the record contains additional evidence supporting
appellant=s guilty plea.  Stephen testified that appellant came
uninvited to a party at his house, refused to leave despite being asked
multiple times, and then stabbed Stephen with a knife.  Also, appellant testified that he
intentionally Akind of sprung@ on
Stephen and intentionally swung the knife at him knowing that it could cause
him serious bodily injury or death.








Appellant
testified that he was in fear when he slashed Stephen with the knife but agreed
after discussing the law of self defense with his attorney that his actions did
not rise to the level of self defense. 
He testified that he had been an uninvited guest in Stephen=s house
and that Stephen somewhat forcefully escorted him out followed by five or six
large friends.  He felt Asome
threat@ because
he saw their Afists were clenching.@  He further testified that he already had the
knife out and that, without warning Stephen to stay back, he Akind of
sprung him.@ 


To the
extent that appellant=s testimony raises self defense,
we hold that the trial court, acting as factfinder, reasonably resolved the
issue against appellant.  Moreover,
appellant=s confession, because it
embraces every element of the offense charged, sufficiently supports appellant=s guilty
plea  and negates any evidence allegedly
raising the issue of self defense. 
Accordingly, we overrule appellant=s first
point. 

In his
second and third points, appellant argues that the trial court erred by
accepting his plea because it was entered involuntarily. 








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.[6]  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s
refusal to rule.[7]  Except for complaints involving systemic
requirements, or rights that are waivable only, all other complaints, whether
constitutional, statutory, or otherwise, are forfeited by failure to comply
with Rule 33.1(a).[8]  ASystemic@
requirements include, for example, jurisdictional issues or a penal statute=s
compliance with the separation of powers provision in the Texas constitution.[9]









The
voluntariness of a plea is not a systemic requirement; thus, complaints related
to voluntariness must be raised in the trial court to be preserved for our
review.[10]  Although the clerk=s record
contains a motion for new trial that asserts appellant=s plea
was involuntary, there is nothing in the record to show that appellant
presented his motion to the trial court.  
Therefore, appellant=s
complaints based upon involuntariness of his guilty plea are not preserved for
our review.[11]  Accordingly, we overrule appellant=s second
and third points.

Having
overruled all of appellant=s
points, we affirm the trial court=s
judgment.

 

PER
CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  November 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 22.02(a)(2) (Vernon
Supp. 2009).





[3]Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 2005); see Bowie v. State, 135 S.W.3d 55, 64
(Tex. Crim. App. 2004) (there must be factual basis for guilty plea at time
judgment is rendered).





[4]See Breaux v. State, 16 S.W.3d 854, 857
& n.2 (Tex. App.CHouston [14th Dist.]
2000, pet. ref=d) (providing that a
judicial confession containing a  Acatch-all@ phrase that the
defendant is guilty Aas charged in the
indictment@ is sufficient to support
a conviction even if an element of the offense was omitted).





[5]See Pitts v. State, 916 S.W.2d 507, 510
(Tex. Crim. App. 1996); Dinnery v. State, 592 S.W.2d 343, 353 (Tex.
Crim. App. 1979).





[6]Tex. R. App. P.
33.1(a)(1); see Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied,
526 U.S. 1070 (1999). 





[7]Tex. R. App. P.
33.1(a)(2); see Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004). 





[8]Mendez, 138 S.W.3d at 342. 





[9]See Saldano v. State, 70 S.W.3d 873, 888
(Tex. Crim. App. 2002).





[10]See Mendez, 138 S.W.3d at 338, 350;
Starks v. State, 266 S.W.3d 605, 613 (Tex. App.CEl Paso 2008, no pet.); Williams
v. State, 10 S.W.3d 788, 789 (Tex. App.CWaco 2000, pet. ref=d); see also Stermer
v. State, No. 02-07-00425-CR, 2009 WL 1035237, at *4 (Tex. App.CFort Worth Apr. 16, 2009,
no pet.) (mem. op., not designated for publication) (holding that the appellant
forfeited his voluntariness complaint by not raising it in the trial court); Nolly
v. State, Nos. 02-04-00251-CR, 02-04-00257-CR, 2005 WL 555215, at *3 (Tex.
App.CFort Worth Mar. 10, 2005,
no pet.) (mem. op., not designated for publication) (same). 





[11]Tex. R. App. P. 21.6,
33.1(a); see Mendez, 138 S.W.3d at 350; Stokes v. State,
277 S.W.3d 20, 21 (Tex. Crim. App. 2009).