**AFFIRM; Opinion issued January 16, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01071-CR

### PEARLINE W. ROBERTS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F10-61237-J**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice O'Neill

Appellant appeals an order revoking her probation. Appellant pleaded true to the allegations in the State's motion to revoke in exchange for the State's recommendation of a 180-day sentence. The trial court did not follow the plea agreement and assessed punishment at two-years' confinement. In her sole point of error, appellant contends the trial court abused its discretion in assessing the two-year sentence without first giving her an opportunity to withdraw her plea, thereby rendering the plea involuntary. For the following reasons, we affirm the trial court's order.

1

Appellant initially pleaded guilty to possession of a controlled substance. The terms of the plea agreement required appellant to participate in a Substance Abuse Punishment Facility Special Needs (SAPF) Program for not less than ninety-days or more than twelve months and comply with all rules and regulations of the program. Appellant refused to enter the SAPF program and the State filed a motion to revoke shortly thereafter. Appellant agreed to plead true to the allegations in the State's motion to revoke if the State would recommend a 180-day sentence. At the revocation hearing, the trial court informed appellant the court was not required to follow the plea agreement. However, the trial court also told appellant she would be allowed to withdraw her plea if the trial court did not follow the plea agreement.

Appellant then pleaded true to the allegations in the State's motion to revoke. The trial court did not follow the plea agreement and sentenced appellant to two-years' confinement. In this appeal, appellant asserts her plea was rendered involuntary when the trial court did not give her an opportunity to withdraw her plea before sentencing her. It is undisputed that, unlike in a guilty plea case, a trial court is not required to allow a defendant to withdraw a negotiated plea of true even if the court does not follow a plea agreement. *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). Appellant however contends "once the trial court gave appellant the right to withdraw her plea, the trial court abused its discretion by refusing this right, making appellant's plea involuntary."

The State asserts appellant waived error by not requesting the trial court to allow her to withdraw her plea or otherwise object at the plea hearing or in a motion for new trial. Rule 33.1(a) requires an appellant to raise a timely objection in the trial court as a prerequisite to raising an error on appeal. An exception exists only for absolute systemic requirements or nonwaivable rights. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Failure to

2

permit a defendant to withdraw a plea is not such a requirement. *See id.* Likewise, questions concerning the voluntariness of a guilty plea do not fall within the definition of such "fundamental" requirements. *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd). We conclude appellant waived her complaints relating to the trial court's refusal to permit her to withdraw her plea by failing to request withdrawal by timely objection or motion for new trial. We resolve the sole issue against appellant and affirm the trial court's judgment.


MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111071F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Pearline W. Roberts, Appellant

No. 05-11-01071-CR     V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-61237-J.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of January, 2013.

MICHAEL J. O'NEILL
JUSTICE