

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00009-CR

JAMES CHARLES BEDREE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,626-B, Honorable John B. Board, Presiding

March 31, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

James Charles Bedree appeals his conviction of indecency with a child and its accompanying prison sentence of twenty years. He does not dispute that the evidence was sufficient to prove, beyond reasonable doubt, that he engaged in such criminality. Rather, his issues involve 1) the admission of evidence regarding a prior conviction for public intoxication, 2) the purported ineffective assistance of counsel, and 3) the involuntary waiver of his right to testify during the punishment phase of the trial. We overrule each issue and affirm the judgment.

*Background*

Appellant was convicted of touching the sexual organ of his fourteen-year-old nephew. The event occurred while appellant and the child's grandparents were visiting in the home and caring for the child. The child awoke to find appellant touching the child's penis.

*Issues One – Three*

Appellant's first three issues involve the admission of evidence, during the punishment phase, about a prior conviction for public intoxication. The crime and conviction arose in a state other than Texas. The same was allegedly inadmissible since it was improper impeachment evidence, and the State failed to afford appellant prior notice of its intent to use the conviction.

Whether to admit the evidence became the subject of debate after appellant testified that he had not previously been arrested for anything other than traffic offenses. Once appellant so testified, the State 1) discovered that he had been convicted in another state for public intoxication (*i.e.*, the Steuben County conviction), 2) secured a record of it, and 3) revealed its intent to use the information for impeachment purposes and to prove perjury. That the information had not been provided appellant in response to a request for notice of prior convictions the State intended to use is undisputed. Appellant objected to its use, and a hearing was held on the matter. Apparently, the trial court informed the State that it could be used for the limited purpose of impeachment.

Before the State attempted to admit the conviction, though, appellant asked witness Wolff whether appellant had ever been convicted of a felony. The question was

2

asked, apparently, to establish criteria qualifying appellant for probation. The witness responded in the affirmative and mentioned that appellant had been convicted of "DUI." No one objected to either the question or answer.[1] Nor did anyone solicit or secure a limiting instruction that restricted the purposes for which the jury could consider the witness's response.

So, what we have here is appellant complaining of evidence offered by the State and pertaining to his conviction for being intoxicated in a public place *after* he presented evidence of his being convicted for driving under the influence of an intoxicant. As was observed long ago, "[w]hen a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal." *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981). Though the offenses implicit in public intoxication and driving while under the influence of an intoxicant may differ, they both pertain to intoxication. So too do they both not only 1) evince the existence of a prior conviction arising from appellant's intoxication, but also 2) tend to rebut or impeach appellant's testimony that he had not before been arrested for an offense more serious than a traffic ticket. Given these circumstances, we cannot but find the rationale underlying *Womble* determinative here. Evidence of a prior conviction related to intoxication appeared of record without objection before the State tendered its evidence of a prior conviction related to intoxication. So, we find any purported error in admitting the latter harmless.

That appellant opened the door to being impeached with the Steuben County conviction after testifying about not having been previously arrested is also compelling.

---

[1] Nor does appellant attack the admission of that testimony on appeal.

The State was free to correct the misimpression he created even if prior notice of the State's intent to use the conviction had not been afforded. Simply put, appellant opened the door to the evidence due to his intentional or negligent misrepresentation. *Winegarner v. State,* 235 S.W.3d 787, 790-91 (Tex. Crim. App. 2007) (stating that "when a witness, on direct examination, makes a blanket assertion of fact and thereby leaves a false impression with respect to his prior behavior or the extent of his prior troubles with the law, 'he "opens the door" on his otherwise irrelevant past criminal history and opposing counsel may [impeach him by] expos[ing] the falsehood,'" *quoting Delk v. State,* 855 S.W.2d 700 (Tex. Crim. App. 1993))*.* Indeed, opening the door allowed the State ". . . to do what it could not otherwise do . . . [to] dispel the false impression left by . . . [appellant] as to his past . . . ." *Prescott v. State*, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988). Therefore, issues one through three are overruled.

*Unknowing Waiver of Right to Testify*

Next, we address appellant's contention that his decision to waive his right to testify during the punishment phase of the trial was involuntary. The issue is overruled because the complaint was not raised below.

After the trial court admonished appellant about the right to testify and the benefits and potential detriment of doing so, appellant expressed the desire to remain silent. This resulted in the trial court informing appellant that, if he changed his mind, then he should let the court know. The record does not indicate that appellant changed his mind before trial ended. It does not even indicate that he changed his mind before moving for a new trial, since the complaint is not mentioned in it.

One cannot deny that the accused has a right to testify.  *Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009).  Yet, the accused may also knowingly and voluntarily waive that right.  *Id.*  Furthermore, the ability to complain of many constitutional errors may be lost by the failure to utter a contemporaneous objection or otherwise raise the issue at trial.  *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014).  Encompassed within the ambit of constitutional errors subject to waiver are those wherein the appellant was purportedly denied his right to testify.  *Bryant v. State*, No. 05-01-00850-CR, 2002 Tex. App. LEXIS 4332, at *3 (Tex. App.—Dallas, June 18, 2002, no pet.) (not designated for publication).  In *Bryant*, the appellant contended that ". . . the trial court's ruling precluded him from testifying on his own behalf, in violation of his Fifth, Sixth, and Fourteenth Amendment rights."  *Id.* at *2-3.  Because he failed to urge the matter at trial, the reviewing court held that it was waived.  *Id.* at *3.

Though couched in terms of an unintelligent waiver of his right to testify, appellant at bar actually complains about being induced by the trial court to forego the exercise of that right.  One need only read his brief to realize this.  Therein, he argues:

> The trial court violated . . . [his] right to voluntarily waive his right to testify by admonishing . . . [him] about the State's threat, which created the impression that it was sanctioned by the trial court; by adopting the misinformation about waiver of sufficiency review by referring Appellant to trial counsel's advice; and byfailing [sic] to clarify for Appellant that the State silently retracted its offer not to use the Steuben County records unless Appellant testified.

He followed that utterance with: "Under these circumstances, . . . [his] waiver of right to testify was involuntary, and the trial court violated his right to due process by accepting it."  The situation before us likens to that in *Bryant* since both appellants attributed their decision to forego testifying due to the trial court's action.  And, by not complaining of

5

the same at trial, the purported error was and is waived. *See Yazdchi v. State*, 428 S.W.3d at 844 (wherein the Court of Criminal Appeals held that appellant failed to preserve his contention that "the court of appeals erred by holding that he did not preserve his complaint that, as a result of the trial court's ruling that his prior conviction was resurrected by his subsequent conviction in this case, he was deprived of the opportunity to testify at the guilt stage of his trial.").

Our conclusion requiring preservation seems quite appropriate given that one must comply with Texas Rule of Appellate Procedure 33 by first asserting in the trial court a complaint about the involuntariness of his guilty plea. *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd); *Graves v. State*, No. 05-10-00483-CR, 2011 Tex. App. LEXIS 5233, at *8-9 (Tex. App.—Dallas June 12, 2011, pet. ref'd) (not designated for publication). In pleading guilty, the accused relinquishes his right to trial. *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013). Logically, the right to testify is encompassed within the myriad of constitutional rights afforded during a trial, and if he relinquishes his right to a trial, he implicitly relinquishes his right to testify at that trial. So, because an accused must preserve complaints about the voluntariness of a plea that dispenses with the need for a trial, it follows that a defendant must also preserve a complaint about the voluntariness of his decision to forego testifying at that trial. And, that was not done here.

*Ineffective Assistance of Counsel*

We next address the claims of ineffective assistance of counsel. They include 1) rendering appellant's waiver of his right to testify invalid, 2) undermining appellant's right to remain silent and to due process, 3) precluding his mitigation testimony, 4) failing to

6

challenge the proof of identification and finality of his prior conviction, 5) failing to assert moral turpitude and time limit bars to use of his prior conviction, 6) failing to assert an excision remedy with respect to the prior conviction records, 7) waiving the open door and notice issues, 8) eliciting extraneous crimes during punishment, 9) eliciting extraneous crimes during guilt/innocence that were carried forward to punishment, and 10) allowing jury instructions on the use of extraneous crimes and acts without limitation.[2]

To prove ineffective assistance, an appellant has the burden to show not only that counsel's performance was deficient but, that for counsel's errors, there is a reasonable probability that the result would have been different. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Moreover, when counsel has not been given a chance to explain his actions, we generally cannot find his performance deficient unless it was so outrageous that no competent attorney would have engaged in it. *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012).

Appellant first complains of counsel advising him to forego testifying during the punishment phase. Such is recognized within the realm of reasonable trial strategy. *Bryant v. State*, 2002 Tex. App. LEXIS 4332, at *3-4. And while it may be that counsel was mistaken in believing that appellant's admission of guilt would prevent him questioning the sufficiency of the evidence on appeal, *Jacobson v. State*, 398 S.W.3d 195, 204 (Tex. Crim. App. 2013) (overruling *DeGarmo),* counsel also feared that the State would attempt to prove his client committed perjury when stating that he had not

---

[2] Here, appellant filed a motion for new trial. But he did not mention the purported ineffective assistance of counsel as a ground therein.

previously been arrested. So, it can be said that trial strategy underlay counsel's decision.

Appellant next complains of his counsel's failure to prepare because he was unaware of the Steuben County conviction. The record does not reflect the extent of counsel's preparation. This is of import since the claim of ineffectiveness must be firmly founded in the record, *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005), and it is not here. Nor does the record reflect why appellant did not tell his attorney of that conviction. Yet, it does disclose that counsel asked for and received notice of the crimes which the State intended to use at trial and the Steuben County conviction was not revealed. Not knowing about the conviction despite attempting to discover it is not outrageous conduct.

Appellant next contends that his counsel was ineffective because counsel ". . . created a situation, and failed to object, where the 'impeachment' of Appellant with the Steuben County records undermined the right to remain silent that Appellant invoked. U.S. CONST. amend. V." The record reflects that counsel did object to the use of the Steuben County conviction. And, as previously stated, advising a client to forego testifying falls within the realm of trial strategy.

Appellant next contends that his attorney was ineffective because his advice to remain silent prevented appellant from proffering testimony in mitigation of punishment. This argument is nothing more than a reiteration of his former arguments, and as with the former arguments, we reject it for the same reasons.

Next, appellant argues that "[t]here was no imaginable strategic basis for not opposing the sufficiency of the evidence to show that Appellant was the person who

8

was arrested in Steuben County or convicted of an intoxication offense." He further asserts that ". . . there was a reasonable probability, had the jury not heard about the Steuben County arrest, it would not have concluded that the totality of the circumstances warranted the maximum sentence." Yet, appellant says nothing of the other evidence concerning his being "convicted of an intoxication offense," that evidence being Wolff's testimony disclosing appellant's conviction for "DUI." Nor does appellant attack the admission of that evidence. So, if evidence of an intoxication conviction was influential in a prosecution for molestation, it appeared of record irrespective of the Steuben County conviction. In other words, the record before us does not support a conclusion that there existed a reasonable probability of a different result had counsel done as suggested by appellant.

Appellant further contends that his attorney was ineffective because he asked witness Wolff whether appellant had previously been convicted of a felony. That purportedly opened the door to the Steuben County conviction. To the extent that the question and answer opened the door, so too did appellant's misrepresentation that he had never before been arrested for anything other than a traffic offense. More importantly, establishing that a defendant has not previously been convicted of a felony is a prerequisite to securing probation. *Mansfield v. State*, 306 S.W.3d 773, 775 (Tex. Crim. App. 2010). And, that appellant sought probation can be inferred from the record. Consequently, asking a witness if appellant had previous felony convictions could be seen as trial strategy.

Of the remaining complaints levied against trial counsel, nothing of record indicates why counsel did not pursue the course of action suggested by appellant.

9

Such an opportunity must be afforded before we may conclude that they were not founded on reasonable trial strategy. *Menefield v. State*, *supra*; *accord Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (prohibiting us from speculating as to potential trial strategy when the record contains no explanation for why counsel did as he did). Nor does appellant discuss them in relation to the prejudice element of *Strickland.* That was his burden. So, this omission too is fatal to his complaint. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Having overruled each issue, we affirm the judgment of the trial court.


Per Curiam

Do not publish.